IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT JOPLIN

JANICE KIRK )
)
and )
)
JODELLE KIRK )
)
       Plaintiffs, )
) Case No.: 12AO-CC00273
vs. ) Division: I
)
WAL-MART STORES EAST, INC., d/b/a )
WAL-MART STORES EAST I, LP, d/b/a )
WAL-MART STORES EAST, LP, d/b/a )
WAL-MART SUPERCENTER STORE #59 )
Serve: C T Corporation System )
      120 South Central Avenue )
      Clayton, MO 63105 )
and )
)
ANDY MARTIN, )
Store Manager, )
Serve: 1501 South Rangeline Road )
      Joplin, MO 64804 )
)
       Defendants. )

## PETITION IN DAMAGES

COME NOW, the Plaintiffs, Janice Kirk and Jodelle Kirk and for their Petition in Damages, state and aver as follows:

## THE PARTIES & VENUE

1. At the time of the negligent acts complained of herein and at all times mentioned, Plaintiff Janice Kirk was the lawful wife of Stan Kirk (hereinafter referred to as "decedent") and a Class I Beneficiary entitled to bring this action against Defendants for the wrongful death of Stan Kirk. Plaintiff Janice Kirk is a resident of Joplin, Missouri.



FILED
LINDA WILLIAMS-CLERK
JUL 3 1 2012
JASPER COUNTY CIRCUIT CLERK

1

2. At the time of the negligent acts complained of herein and at all times mentioned, Plaintiff Jodelle Kirk was the natural daughter of Stan Kirk (hereinafter referred to as "decedent") and a Class I Beneficiary entitled to bring this action against Defendants for the wrongful death of Stan Kirk. Plaintiff Jodelle Kirk is a resident of Joplin, Missouri.

3. Plaintiffs bring this action pursuant to Mo. Rev. Stat. § 537.080. Plaintiffs are the members of the class of individuals authorized to pursue a wrongful death claim.

4. Defendant Wal-Mart Stores East, Inc. is a Delaware corporation registered to do business in Missouri and doing business in Missouri as Wal-Mart Stores East I, LP and Wal-Mart Stores East, LP. Wal-Mart Stores East, Inc., Wal-Mart Stores East I, LP, and Wal-Mart Stores East, LP (hereinafter referred to collectively as "Wal-Mart") can be served via its registered agent CT Corporation System at 120 South Central Avenue, Clayton, MO 63105.

5. Wal-Mart Supercenter Store #59 is a retail department store owned, controlled, and possessed by Wal-Mart Stores East. Wal-Mart Supercenter Store #59 is located at 1501 Rangeline Road, Joplin, MO 64804.

6. Defendant Andy Martin the Store Manager of Wal-Mart Supercenter #59 and may be served with process at 1501 Rangeline Road, Joplin, MO 64804.

7. The tortious actions herein described occurred in whole or in substantial part in Jasper County, Missouri.

8. Therefore, venue is proper here in Jasper County, Missouri.

### FACTS COMMON TO ALL COUNTS:

9. Plaintiffs incorporate the foregoing paragraphs as though fully set out herein.

2

10. On or about May 22, 2011, at approximately 5:00 p.m. decedent, was at Wal-Mart Store #59 located at 1501 Rangeline Road Joplin, Missouri (hereinafter referred to as "the Store").

11. At approximately 4:59 p.m., on or about May 22, 2011, decedent called his wife, Plaintiff Janice Kirk, to tell her of his plans to go into the Store for a golf related item.

12. At approximately, 5:17 p.m. tornado sirens sounded in Joplin, Missouri due to a recently issued tornado warning.

13. Sometime after the conversation with his wife but before approximately 5:24 p.m., decedent attempted to leave the Store to return home.

14. Decedent's home was approximately three miles away, or a seven minute drive, from the Store and located in an area outside the path of the storm and untouched by the tornado.

15. Decedent was forced to stay in the Store and directed to an unsafe/improper location.

16. Defendants had the responsibility to adequately design and construct the Store, keep patrons safe during emergency, and design and implement a proper emergency plan.

17. Decedent died as a result of injuries sustained in the Store during the tornado.

## COUNT I:
## NEGLIGENCE AS TO DEFENDANT WAL-MART

18. Plaintiffs incorporate the foregoing paragraphs as though fully set out herein.

19. Defendant Wal-Mart owes a duty to patrons of the Store, including decedent, in emergency situations.

20. Defendant Wal-Mart knew or should have known that Joplin Store #59 was located in an area that was at a high risk of tornadoes and violent wind.

3

21. Defendant Wal-Mart knew or should have known that the Store was not constructed properly considering this increased risk of violent storms and tornadoes.

22. Defendant Wal-Mart knew or should have known there was not a proper emergency plan in place at the Store, including a lack of signage and identified safe areas/tornado refuge areas.

23. Defendant Wal-Mart knew or should have known that with an inadequate emergency plan patron injury or death could result.

24. Defendant Wal-Mart knew or should have known that patrons directed to unsafe areas within the Store and/or those forced to stay in large foot-print commercial building, with inadequate construction or safe areas, as opposed to a sheltering in another building would be exposed to an increased risk of serious injury or death during violent storms.

25. Defendant Wal-Mart knew or should have known there was a risk of a violent storm when tornado sirens went off on May 22, 2011 at 5:17 p.m. in Joplin, Missouri.

26. On or about May 22, 2011, Defendant breached its duty and was negligent in at least one or more of the following manners:

    a. Failing to allow decedent to leave the store to seek shelter elsewhere;

    b. Failing to leave the doors unlocked to let decedent leave;

    c. Failing to leave doors unlocked to ensure access for emergency personnel;

    d. Failing to address the increased potential for tornado hazard in construction of the Store;

    e. Failing to have proper tornado refuge areas identified;

    f. Failing to have a proper safe room or tornado shelter;

4

g. Failing to have proper signage regarding building design or other indicators for employees and patrons during emergencies;

h. Failing to properly label safe areas;

i. Failing to have emergency plan conspicuously displayed;

j. Failing to direct all patrons to, and ensure all patrons were in, safe areas; and

k. Failing to perform vulnerability assessments prior to storm.

27. Defendant negligently caused decedent to be exposed to the dangerous storm, debris, and water. Defendant's actions and deliberate decisions negligently caused decedent to receive severe injuries resulting in his death.

28. Each negligent act by Defendant, and those by and through its employees, including Defendant Martin, was a direct and proximate cause of the death of decedent.

29. As a direct and proximate result of the above-described negligence of Defendant and the resulting death of decedent, Plaintiffs have been caused to lose the services, consortium, companionship, comfort, instruction, guidance, counsel, training, support, love and affection of decedent. Plaintiffs seek damages for that pain and suffering decedent could have recovered had death not ensued. Plaintiffs have also sustained a loss of decedent's income by his untimely death as well as pecuniary loss by reason of funeral and medical expense.

WHEREFORE, Plaintiffs pray for judgment against Defendants for such damages as are fair and reasonable and for prejudgment interest as provided by law and for their costs herein.

## COUNT II:
## NEGLIGENCE OF DEFENDANT MARTIN

30. Plaintiffs incorporate the foregoing paragraphs as though fully set out herein.

31. Defendant Martin owes a duty to patrons of the Store, including decedent, in emergency situations.

5

32. Defendant Martin knew or should have known that Joplin Store # 59 was located in an area that was at a high risk of tornadoes and violent wind.

33. Defendant Martin knew or should have known the Store was not constructed properly considering this increased risk of violent storms and tornadoes.

34. Defendant Martin knew or should have known there was not a proper emergency plan in place at the Store, including a lack of signage and identified safe areas/tornado refuge areas.

35. Defendant Martin knew or should have known that with an inadequate emergency plans patron injury or death could result.

36. Defendant Martin knew or should have known that patrons directed to unsafe areas within the Store and/or those forced to stay in large foot-print commercial building as opposed to a sheltering in a residential building would be exposed to an increased risk of serious injury or death during violent storms.

37. Defendant Martin knew or should have known there was a risk of a violent storm when tornado sirens went off on May 22, 2011 at 5:17 p.m. in Joplin, Missouri.

38. On or about May 22, 2011, Defendant breached his duty and was negligent in at least one or more of the following manners:

   a. Failing to allow decedent to leave the store to seek shelter elsewhere;

   b. Failing to leave the doors unlocked to let decedent leave;

   c. Failing to leave doors unlocked to ensure access for emergency personnel;

   d. Failing to have proper tornado refuge areas identified;

   e. Failing to have a safe room or tornado shelter;

6

Case 3:12-cv-03427-DGK   Document 1-1   Filed 09/14/12   Page 6 of 8

f. Failing to have proper signage regarding building design or other indicators for employees and customers during emergencies;

g. Failing to properly label safe areas;

h. Failing to direct all patrons and ensure all patrons were in safe areas; and

i. Failing to perform vulnerability assessments prior to storm.

39. Defendant negligently caused decedent to be exposed to dangerous storm, debris, and water. Defendant's actions and deliberate decisions negligently caused decedent to receive severe injuries resulting in his death.

40. Each negligent act by Defendant, by and through his employees, was a direct and proximate cause of the death of decedent.

41. As a direct and proximate result of the above-described negligence of Defendant and the resulting death of decedent, Plaintiffs have been caused to lose the services, consortium, companionship, comfort, instruction, guidance, counsel, training, support, love and affection of decedent. Plaintiffs seek damages for that pain and suffering decedent could have recovered had death not ensued. Plaintiffs have also sustained a loss of decedent's income by his untimely death as well as pecuniary loss by reason of funeral and medical expense.

WHEREFORE, Plaintiffs pray for judgment against Defendants for such damages as are fair and reasonable and for prejudgment interest as provided by law and for their costs herein.

7

Respectfully Submitted,

THE HERSHEWE LAW FIRM, P.C.

*Ashley Norman* (signature)

Ed Hershewe    MO Bar # 27641
Ashley Norman    MO Bar # 64063
431 Virginia Avenue
Joplin, MO 64801-2399
(417) 782-3790
(417) 782-8482 fax
ed.hershewe@h-law.com
ashley.norman@h-law.com

ATTORNEYS FOR PLAINTIFFS

8