IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JANICE KIRK and JODELLE KIRK ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 12-03427-CV-SW-DGK |
| ) | |
| WAL-MART STORES EAST, INC., ) | |
| d/b/a WAL-MART STORES EAST I, LP ) | |
| d/b/a WAL-MART STORES EAST, LP ) | |
| d/b/a Wal-Mart SUPER CENTER STORE #59 ) | |
| and ANDY MARTIN ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO REMAND**

This case arises from the tornado that killed Stan Kirk at the Wal-Mart store in Joplin, Missouri on May 22, 2011. Pending before the Court is Plaintiffs Janice Kirk and Jodelle Kirk's Motion to Remand (Doc. 11) and Defendants' Opposition to Plaintiffs' Motion to Remand (Doc. 14).[1] Having fully considered the parties' arguments, the Court grants Plaintiffs' motion to remand.

**Background**

On May 22, 2011, a catastrophic tornado hit Joplin, Missouri. Stan Kirk ("the decedent"), husband of Janice Kirk and father of Jodelle Kirk, was among the 158 people killed by the storm. At the time of his death, the decedent was shopping at Wal-Mart Store #59 in Joplin.

---

[1] In ruling on the pending motions, the Court has also considered Plaintiffs' Suggestions in Support (Doc. 12) and Plaintiffs' Reply (Doc. 15).

1

On July 31, 2012, Plaintiffs filed their petition in Jasper County, Missouri against the above-named Defendants alleging liability for the decedent's wrongful death on the basis of negligence. Subsequently, Defendants removed the action to this Court, arguing that Plaintiffs fraudulently joined Defendant Martin to destroy diversity jurisdiction.

## Standard

A defendant may remove an action from state to federal court where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). In considering a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). Joinder of a non-diverse defendant is fraudulent where it is clear that there is no reasonable basis in fact and law supporting the claim. *Filla*, 336 F.3d at 810; *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). In considering whether there is "arguably a reasonable basis for predicting that the state law might impose liability," the court must "resolve all facts and ambiguities in the . . . controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. Specifically, "if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder."

*Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1158 (E.D. Mo. 2004) (emphasis in original).

## Discussion

### A. Plaintiffs allege a colorful claim against non-diverse Defendant Martin.

In opposing Plaintiffs' motion to remand, Defendants claim that Plaintiffs have made a "careless and unsubstantiated claim" against Defendant Martin for the sole purpose of destroying diversity jurisdiction (Doc. 1, at 4).

Missouri case law suggests otherwise. Under Missouri law, employees may be personally liable to a third party under certain circumstances. *See Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp. 2d 1013, 1018 (E.D. Mo. 2008) (discussing Missouri cases finding that employees were personally liable to third parties). Two situations in which an employee can be personally liable are (1) where the employee "has or assumes full and complete control of his employer's premises;" or (2) where an employee does not have complete control of the premises but "breaches some duty which he owes to [a] third person." *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. App. E.D. 1992). In the second scenario, the test is "whether [the employee] has breached his legal duty or been negligent with respect to something over which he did have control." *Id*. Moreover, under Missouri law, the employee need not necessarily be present at the time of injury to be liable for such a claim if he has some connection to the controversy. *Manning*, 304 F. Supp. 2d at 1149-50; *Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 922 (E.D. Mo. 2003).

Plaintiffs' claim against Defendant Martin alleges negligence "because he was Store Manager on May 22, 2011, having control and responsibility over certain acts or omissions that allegedly led to decedent's death." Specifically, Plaintiffs plead that at or around the time of the

3

tornado, Defendant Martin, as manager, had not identified safe areas, had not designated a safe room, and had not performed a vulnerability assessment, all of which were negligent acts contributing to the decedent's death.

The Court finds that Plaintiffs' claim against Defendant Martin has reasonable factual and legal support in Missouri state law. *See Manning*, 304 F. Supp. 2d at 1149-50 (remanding to state court where plaintiff alleged that a non-present store manager was jointly and severally liable with Wal-Mart for plaintiff's slip and fall accident). Plaintiffs allege that Defendant Martin had control over certain acts or omissions that led to decedent's death, owed a duty to store patrons in emergency situations, and breached this duty by (1) failing to have proper signage regarding emergencies; (2) failing to properly label safe areas; (3) failing to direct patrons and ensure all patrons were in safe areas; and (4) failing to perform vulnerability assessments prior to the storm. Because these statements allege that Defendant Martin was negligent with respect to something over which he had control, there is a reasonable basis to conclude Plaintiffs may have a claim against him. *See Augustine*, 259 F. Supp. 2d at 921.

**Conclusion**

The burden of establishing federal jurisdiction is on the party seeking removal. For the reasons discussed above, the Court finds the Defendants have not carried this burden. The issue here is whether state law *might* impose liability on Defendant Martin under the facts alleged. The Court finds that it may. Plaintiffs' motion (Doc. 11) is GRANTED, and the case is remanded to the Circuit Court of Jasper County, Missouri for further proceedings.

**IT IS SO ORDERED.**

Dated: January 7, 2013         /s/ Greg Kays
                               GREG KAYS
                               UNITED STATES DISTRICT JUDGE